[CERTIFIED TRANSLATION]

**Commonwealth of Puerto Rico**
**Court of First Instance**
BAYAMÓN SUPERIOR Court

| | |
|---|---|
| INTEGRAND ASSURANCE COMPANY<br>Name of Plaintiff(s)<br>**VS.** | CASE NO: ___BY2019CV00754___ |
| | ROOM NO.: _____*[hw: 703]*_____ |
| PUMA ENERGY CARIBE, LLC<br>Name of Defendant(s) | CIVIL ACTION FOR  COLLECTION OF MONEY<br>REGULAR, INSURANCE<br>(Subject or Matter) |

### SUMMONS

THE UNITED STATES OF AMERICA, SS
THE PRESIDENT OF THE UNITED STATES
THE COMMONWEALTH OF PUERTO RICO

TO: PUMA ENERGY CARIBE, LLC
(Name of defendant being summoned)

CARR. 28, PR 00961, KM 2.0 LUCHETTI INDUSTRIAL PARK, BAYAMÓN, PUERTO RICO, 00961
(Address of defendant being summoned)

YOU ARE HEREBY summoned to file with the court your answer to the complaint within a period of *[hw: 30]* days after being served with this summons, excluding the day of service. You must file your answer through the Unified Case Management System (SUMAC, Spanish acronym), which you may access using the following web address: http://unired.ramajudicial.pr/sumac/, unless you are appearing pro se, in which case you must file your answer with the clerk of the court. If you do not file your answer to the complaint within the referenced term, the court may enter default judgment against you and grant the relief requested in the complaint, or any other, if the court, in its sound discretion, deems it warranted.

EDUARDO J. COBIAN ROIG
(Name of plaintiff's legal counsel, or of the plaintiff if appearing pro-se)

15661
(Supreme Court number, if an attorney)

PO BOX 9478
SAN JUAN, PUERTO RICO 00908
(Address)

TEL. 7877232054
(telephone number; fax number)

EDUARDO@COBIANROIG.COM
(Email address)

Issued under my signature and the seal of the Court, on this day of [stamped: FEB 14, 2019].

| | |
|---|---|
| [round stamp: Commonwealth of Puerto Rico,<br>General Court of Justice, Court of First Instance,<br>Bayamón Superior Court, D015 *(initials)*] | *[hw: Manuel Mojica Sierra]*<br>Name of Regional Clerk *[hw: Acting]*<br>[stamped: HERMINELLY ROLÓN LÓPEZ<br>Assistant Clerk]*[initials]*<br>BY: _____<br>Name and Signature of Assistant Clerk |

OAT 1721 Summons (SUMAC)
(Rev. May 2018)
2009 Rules of Civil Procedure, as amended

[CERTIFIED TRANSLATION]

CASE NO._____

---

### CERTIFICATE OF SERVICE BY BAILIFF

I, _____, Bailiff of the Puerto Rico Court of First Instance, _____ Court.

CERTIFY that the service of the summons and the complaint in the referenced case was carried out by me on _____, at _____ [ ] am [ ] pm, as follows:

[ ] Personal delivery to the defendant at the following street address:
_____

[ ] Accessible in the immediate presence of the defendant at the following street address:
_____

[ ] Leaving copy of the documents with a representative authorized by the defendant or designated by law to receive summons at the following street address:
_____

[ ] Summons could not be personally delivered because:
_____

In _____, Puerto Rico, on _____.

| | |
|---|---|
| Name of Regional Bailiff | Name and Badge No. of the Bailiff of the Court of First Instance |
| | Signature of the Bailiff of the Court of First Instance |

---

### SERVICE OF PROCESS BY INDIVIDUAL

I, ___*[hw: José Méndez]*___, declare that I have the legal capacity, pursuant to Rule 4.3 of the Puerto Rico Rules of Civil Procedure, and I certify that the service of the summons and the complaint in the referenced case was carried out by me on *[hw: February 15, 2019]* as follows:

[ ] Personal delivery to the defendant at the following street address:
_____

[ ] Accessible in the immediate presence of the defendant at the following street address:
*[hw: Carr. 28 KM 2.0  Luchetti Industrial Park  Bayamón, P. Rico]*

[✓] Leaving copy of the documents with a representative authorized by the defendant or designated by law to receive summons at the following street address:
*[hw: Puma Energy Caribe LLC  C/O [illegible] Rodríguez, Value Proposition Manager]*

[ ] The summons could not be served in person because:_____

---

### COST OF SERVICE

$ _____

[CERTIFIED TRANSLATION]

### STATEMENT OF PROCESS SERVER

I swear under penalty of perjury, in accordance with the laws of the Commonwealth of Puerto Rico, that the information provided in the service of process is true and correct. AND IN WITNESS WHEREOF, I sign this document in _____*[hw: Bayamón]*_____, Puerto Rico, on this day of ___*[hw: February 15, 2019]*___.

_____*[illegible signature]*_____                    _____*[hw: Carolina, PR]*_____
Signature of process server                         Address of process server

AFFIDAVIT NO. _____

Sworn to and signed before me by_____, whose personal circumstances are those stated before, who I attest to knowing

_____
(personal acquaintance or, in the alternative, certification of other means provided by the Notary Act)

In_____, Puerto Rico, on this day of _____

_____
Name of Notary Public or Regional Clerk

OAT 1721 Summons (SUMAC)
(Rev. May 2018)
2009 Rules of Civil Procedure, as amended

_____
Name and signature of Assistant Clerk of the Court

---

**CERTIFICATE OF TRANSLATION INTO ENGLISH**

I, Margot A. Acevedo, of legal age, married, a resident of Shorewood, WI., a professional interpreter/ translator, certified by the Administrative Office of the United States Courts, do HEREBY CERTIFY that I have personally translated the foregoing document and that it is a true and accurate translation to the best of my knowledge and abilities.

In San Juan, Puerto Rico, today, February 19, 2019.

*[signature]*

Margot A. Acevedo
ATABEX TRANSLATION SPECIALISTS, Inc.
P.O. Box 195044, San Juan, PR 00919-5044

[CERTIFIED TRANSLATION]

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT, BAYAMON PART**

| | |
|---|---|
| INTEGRAND ASSURANCE COMPANY | CIVIL NO.:_____ |
| **PLAINTIFF** | |
| VS. | |
| PUMA ENERGY CARIBE, LLC | SUBJECT:<br>DECLARATORY JUDGMENT;<br>COLLECTION OF  MONEY |
| **DEFENDANTS** | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

   **COMES NOW** plaintiff INTEGRAND ASSURANCE COMPANY ("Integrand"), through the undersigned legal counsel, and very respectfully STATES, ALLEGES, and PRAYS regarding this Complaint:

**I.     NATURE OF THE CAUSES OF ACTION AND VENUE**

   1.     Integrand files this complaint for declaratory judgment under Rule 59 of the Rules of Civil Procedure, 32 L.P.R.A. Ap., V. R. 59, seeking the adjudication of real, current, and imminent controversies between the parties, and the determination of the legal relationship that exists under an insurance policy issued by Integrand to Puma Energy Caribe, LLC ("Puma"). The Honorable Court has venue over the complaint herein, inasmuch as the insurance agreement was negotiated and signed in San Juan, Puerto Rico. Additionally, the underlying claim involves approximately **357 Puma gas stations** located throughout Puerto Rico that allegedly suffered damages resulting from hurricanes Irma and María, including some stations in the Municipality of Bayamón.

   2.     Integrand requests that the Court issue a declaratory judgment establishing that, in accordance with the insurance contract and the Puerto Rico Civil Code, the coverage provided by the insurance policy must be declared null and void for reason of fraud and misrepresentations on the part of Puma during the claim process and that, therefore, Integrand is not bound to provide

1

[CERTIFIED TRANSLATION]

coverage for the claim filed by Puma for damages resulting from Hurricane María. Integrand is also filing an action for collection of money in the amount of 3.5 million, corresponding to an advance provided in good faith by Integrand to Puma during the claim process.

## II.    THE PARTIES

3.      Integrand is an insurance company organized and existing pursuant to the laws of Puerto Rico, with headquarters in San Juan, Puerto Rico. Its address is: Ave. Franklin D. Roosevelt, Urb. Caparra Heights, 369 Calle Ensenada, San Juan, Puerto Rico 00920-3505. Its telephone number is (787) 781-0707.

4.      Based on information and belief, Puma Energy Caribe LLC is a limited liability company organized under the laws of Puerto Rico, and its address is Carr. 28, Km 2.0 Luchetti Industrial Park, Bayamón, PR 00961. The resident agent is the entity itself, at the same address.

## III.    FACTS COMMON TO THE CAUSES OF ACTION

5.      Integrand issued insurance policy no. 028095768 on behalf of Puma (hereinafter referred to as the **"Policy"**), which would be in effect from September 30, 2016 to September 30, 2017.

6.      The policy included an endorsement identified as *Commercial Property Conditions*, with number CP 00 90 07 88 [CP0090(07-88)] of the policy [sic], identifying CP0090(07-88) in the Forms and Endorsements. [sic]

7.      On September 20, 2017, Hurricane María hit Puerto Rico and caused damages estimated at more than $90,000,000,000, for which reason the Island was declared an emergency zone, a mere two (2) weeks after being hit by Hurricane Irma.

8.      On October 5, 2017, Puma informed Integrand that it had suffered damages as a consequence of Hurricane María. The claim was first managed by the insured's insurance agent, Marsh Saldaña, Inc. ("Marsh Saldaña").

9.      On November 8, 2017, Puma provided to Integrand a series of documents that included the un-itemized amount of $38,008,718, corresponding to possible losses of different gas stations operating in Puerto Rico under the Puma brand.

[CERTIFIED TRANSLATION]

10.     On November 13, 2017, Integrand issued an advance check under Puma's claim for the amount of $3,500,000.

11.     On November 28, 2017, Integrand attended a meeting at the Puma offices, where representatives of Puma's insurance agent, Marsh Saldaña, were also present.

12.     On June 8, 2018, a meeting was held at the Integrand offices in San Juan. In said meeting, Puma provided a binder with 47 claims corresponding to 47 gas stations that were in the process of being remodeled by Puma, after Hurricane María, without having allowed Integrand to inspect the properties in coordination with the insured. In said meeting, Integrand informed that it had the right to inspect the stations before Puma remodeled them, in order to prevent future controversies in the adjustment, and requested that arrangements be made for said inspections to be carried out. Representatives of Puma's insurance agent, Marsh Saldaña, were present at that meeting.

13.     The remodeling of most of those 47 gas stations by Puma was **not** a mere fixing of the damages suffered due to Hurricane María. Puma remodeled most of those 47 gas stations with an image that was completely new and different from what was in place prior Hurricane María and with additional improvements.

14.     On July 13, 2018, Mr. Humberto Conde from Alico Construction, hired by Integrand, inspected three (3) Puma stations together with Eng. Alberto Velázquez, hired by Puma. One of those gas stations was almost completely remodeled. Another one was completely demolished. And the third was in the process of beginning to be remodeled.

15.     On July 26, 2018, a meeting was held in order to follow up on Puma's claim. Integrand reiterated to Marsh Saldaña that it wanted to inspect all of the gas stations that had been affected by Hurricane María in coordination with the insured. Integrand informed that the estimates prepared by Puma contained line items that did not correspond to damages caused by Hurricane María.

[CERTIFIED TRANSLATION]

16.      On August 31, 2018, Mr. Conde from Alico Construction, hired by Integrand, met with several Puma contractors. Among other things, matters such as unit pricing and the format of the damage estimate sheets were discussed in that meeting. Additionally, Mr. Conde reiterated the importance of allowing Integrand to inspect the gas stations in coordination with Puma, and the difficulty of adjusting gas stations that were remodeled by Puma before an inspection was arranged with Integrand. In said meeting, Integrand asked for photographs of the damages that were suffered as a consequence of Hurricane María.

17.      During the month of October 2018, several meetings were held between representatives from Integrand and from Puma's insurance agent, Marsh Saldaña, and the contractor, Alico Construction. In a meeting that took place on October 22, 2018, Integrand informed Puma, through Marsh Saldaña, that it had to comply with its obligations under the Policy and allow Integrand to inspect the properties before they were remodeled. Integrand also informed that it had photographs that showed part of the conditions in which the Puma gas stations were in that were taken right before Hurricane María, and of the disadvantages of lacking a physical inspection of the damages for every gas station. In this meeting of October 22, 2018, Integrand submitted 11 estimates prepared by its expert, Calico [sic] Construction, corresponding to 11 gas stations. In said meeting, Integrand also informed that it continued to notice that the estimates that Puma was submitting contained line items that did not correspond to damages caused by Hurricane María, but corresponded to the remodeling that Puma had carried out as part of the change of image of the stations.

18.      On October 30, 2018, Integrand provided to Marsh Saldaña 10 additional estimates prepared by Alico Construction, hired by Integrand, in order to compare them with the estimates prepared by Puma. The adjuster assigned to the case by Integrand, Mr. McTeddy Montañez, told Mr. Roberto Moscoso from Marsh Saldaña that, after examining the first twenty estimates, Integrand was noticing a pattern on the part of Puma of including in its estimates line items that are **not** the result of damages caused by Hurricane María, but rather correspond to the additional change-of-

[CERTIFIED TRANSLATION]

image improvements and/or remodeling made by Puma, which are not covered by the Policy. This resulted in estimates with exorbitant amounts compared to those prepared by Integrand. This pattern on the part of Puma was a misrepresentation aimed at obtaining more money than Puma was actually entitled to receive under the Policy.

19.     The next day, October 31, 2018, Integrand received a letter from Puma's legal counsel informing that Puma had retained his services, as well as the services of Strategic Claims Consultants for the claim process. In other words, Marsh Saldaña would no longer be the contact with the insured for the claim process.

20.     On December 4, 2018, Integrand's legal counsel asked Puma's legal counsel for the name and license of the public adjuster hired under the company Strategic Claims Consultants, and a proof of loss form for each service station, duly sworn, as allowed by the Policy.

21.     During the month of January 2019, Integrand received from Puma a number of proof of loss forms together with the sworn statements requested by Integrand and other supporting documents. The proof of loss forms submitted under oath by Puma considerably increased Puma's previous estimates. Thus, for example, for the gas station identified with number 037, located in Río Piedras Heights, there are three different estimates: Integrand's estimate, which was for $100,234.17; Puma's original estimate, which was for $266,982.70; and the estimate submitted with the sworn proof of loss form, which is for $410,635.46.

22.     Integrand began to evaluate the proof of loss forms submitted by Puma during the month of January 2019 and found, once again, the same pattern of including line items that do not correspond to damages caused by Hurricane María, but that correspond instead to additional improvements and/or to the change-of-image remodeling by Puma, which is not covered by the Policy. This pattern of including items constitutes a misrepresentation [by Puma] aimed at obtaining more money than it is entitled to receive under the Policy.

[CERTIFIED TRANSLATION]

## IV.     FIRST CAUSE OF ACTION
### (Declaratory Judgment)

23.      The preceding allegations are adopted herein by reference.

24.      Rule 59 of the Rules of Civil Procedure, 32 L.P.R.A. Ap. V, R. 59, establishes that the Honorable Court shall have the authority to declare rights, status and other legal relationship, even though another remedy is or may be instigated. *[official translation]* Integrand files this request for declaratory judgment seeking that, in accordance with the terms and conditions of the Policy, it be declared that there is no insurance coverage for the claim submitted by the insured, Puma, as a consequence of Hurricane María. This request is based on the fraud committed and the misrepresentations made by of Puma pursuant to Article 27.180 of the Puerto Rico Code of Insurance, 26 L.P.R.A. § 2720 and the endorsement titled Commercial Property Conditions CP 00 90 07 88 of the Policy.

25.      In this case, according to the contractual and legal provisions cited above, there is a real and actionable controversy regarding the existence of valuable rights under the Policy, and there is a real and bona fide dispute that warrants a declaratory judgment.

26.      Article 1044 of the Civil Code provides that obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations. 31 L.P.R.A. § 2994 *[official translation]*. [Contracts are perfected by mere consent, and] from that time they are binding, not only with regard to the fulfillment of what has been expressly stipulated, but also with regard to all the consequences which, according to their character, are in accordance with good faith, use, and law. Art. 1210 of the Civil Code, 31 L.P.R.A. § 3375. *[official translation]*

27.      Pursuant to Article 27.180 of the Puerto Rico Insurance Code, 26 L.P.R.A. § 2720, several specific acts are prohibited when filing a claim with an insurance provider, including:

**(1) presenting a false or fraudulent claim, or altering or omitting information or any evidence in support thereof, for the payment of a loss, in reference to an insurance policy; or**

**(2) helping or participating in the filing of a fraudulent claim, or altering or omitting**

**information or any evidence in support thereof, for the payment of a loss, pursuant to an insurance contract; or**

**(3)** **preparing, making, or signing** or altering or omitting, **or helping or participating** in preparing, making or signing, or altering or omitting any account, certificate, **sworn statement, proof of loss** or any other false document or writ, with the intention that the same be presented or used in support of said claim…" (bold type added) *[official translation]*

28.     The Puerto Rico Legislative Assembly was clear in establishing that "[a]ny person that intentionally and knowingly incurs in any of the above described practices shall be deemed to have committed **fraud** for the purposes of this chapter." (bold type added) *[official translation]* See Article 27.180 of the Puerto Rico Code of Insurance, 26 L.P.R.A. § 2720.

29.     On the other hand, the Policy expressly provides that Integrand has the right to void the Commercial Property coverage **in case of fraud or misrepresentations** in the claim process by the insured, stating the following:

A.   CONCEALMENT, MISREPRESENTATION OR FRAUD

This coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This Coverage Part;
2. The Covered Property;
3. Your interest in the Covered Property; or
4. **A claim under this Coverage Part.** (bold type added)

The above-cited language of the insurance contract, which is part of an ISO Commercial Risk Services, Inc. ("ISO") form, was approved by the Office of the Commissioner of Insurance and is the law between the parties.[1]

30.     According to the insurance agreement between Integrand and Puma, Integrand has the right to **void** the commercial property coverage due to fraud and misrepresentations by the

---

[1] The ISO is a company organized to provide statistical and actuarial services and information to the insurance industry. Among other things, it develops models of standardized forms typically used by insurers. See Maderas Tratadas v. Sun Alliance, 185 D.P.R. 880, 902 f. 6 (2012). See, also, Comisionado De Seguros de Puerto Rico v. Integrand Assurance Company, 2006 WL 3955862 (Court of Appeals) *("The Insurance Services Office (ISO) is a fee-setting organism authorized by the Office of the Commissioner of Insurance (OCS, Spanish acronym) to present on behalf of its members or subscribers, before using them, every list of rates, rates manual, fee plan, rate rule, as well as any other information related to the application and calculation of rates or the modification of same for approval by the OCS, pursuant to article 12.210 of the Insurance Code(26 L.P.R.A. § 1221).")*

[CERTIFIED TRANSLATION]

insured, Puma. Said fraud and misrepresentations were committed by Puma, who repeatedly submitted claims that include items corresponding to additional improvements and remodels that are not the result of damages caused by Hurricane María, and submitted other unreasonably exorbitant and over-assessed items, in order to obtain more money in the claim than it is actually entitled to receive.

31.     Puma submitted to Integrand estimates and proof of loss documents that contain false information, including grossly inflated loss assessments and losses that are not related to Hurricane María.

32.     At all times, Integrand offered to adjust the claimed losses, in keeping with the terms and conditions of the Policy. That is why it hired Calico Construction and insisted in conducting inspections in coordination with the insured before Puma remodeled. The refusal to conduct inspections coordinated with Integrand prior to remodeling was another breach of contract by Puma under the Policy.

33.     The extraordinary difference between the estimates provided by Integrand and those provided by Puma denotes that Puma submitted false information, claiming additional improvements that are not the result of damages caused by Hurricane María, with the intention of cheating Integrand to obtain a greater amount than it was entitled to receive. In the alternative, said exponentially inflated estimate was made with the purpose of being in a better position when negotiating with Integrand.

34.     Puma committed fraud under the Insurance Code. See Arts. 9.050(3) and 9.300(1)(a) of the Insurance Code, 26 L.P.R.A. Secs. 949f(3) and 951q(1)(a).

35.     Committing fraud and making misrepresentations in the claim process also constitutes fraud in the fulfillment of a contract by Puma. Fraud, in breach of contract, is the conscious and willful refusal by a debtor to comply with his obligation, knowing that he will commit an unfair act. Mayagüez Milton Corp. v. Betancourt, 156 DPR. 234 (2002); Canales v. Pan American, 112 DPR 329 (1982); Márquez v. Torres Campos, 111 D.P.R. 854 (1982).

Case 3:19-cv-01195-FAB   Document 1-1   Filed 02/28/19   Page 12 of 25
[CERTIFIED TRANSLATION]
BY2019CV00754 02/14/2019  10:33:49 a.m. Page 9 of 10

36.     By submitting the referenced estimates and proof of loss documents to Integrand, Puma breached several of its essential obligations under the Policy, to wit: it failed to provide complete information regarding its claim; and it failed to provide true information about its claim.

37.     The coverage under the Policy was voided in its entirety, in accordance with its own terms and conditions, releasing Integrand from complying with its duty to indemnify under the Policy.

38.     Based on all of the foregoing, it is warranted that the Honorable Court issue a declaratory judgment establishing that the policy issued by Integrand to Puma must be voided in its entirety in accordance with the above-cited provisions and that the advanced payment of $3,500,000 made by Integrand and paid to Puma during the adjustment process be returned to Integrand.

## V. SECOND CAUSE OF ACTION
### (COLLECTION OF MONEY)

39.     All of the allegations contained in the previous paragraphs are incorporated herein and made part of this allegation.

40.     During the process of adjusting Puma's claim, Integrand paid $3,500,000 to Puma as an advance payment, in order to help the insured while its claim was being adjusted.

41.     In accordance with what has been stated above regarding (1) contract fraud; (2) fraud, and (3) misrepresentation by Puma during the claim adjustment process, and (4) the merits of a declaratory judgment stating that the coverage under the Policy should be voided, it is warranted that the Honorable Court enter Judgment in favor of Integrand, ordering Puma to pay the amount of $3,500,00 as restitution.

**WHEREFORE**, Integrand very respectfully requests that the Honorable Court grant the complaint herein and consequently enter judgment in favor of the appearing party and against Puma, establishing the following:

a.     That because the insured, Puma, committed insurance fraud, the Commercial Property coverage is entirely void in accordance with its own terms. Therefore, Integrand is released from complying with its duty to indemnify under the Policy:

[CERTIFIED TRANSLATION]

b.   That because Puma failed to fulfill several of its essential duties under the Policy, including failing to provide complete information regarding its claim and failing to provide truthful information regarding its claim, the Commercial Property coverage is entirely void according to its own terms. Therefore, Integrand is released from complying with its duty to indemnify under the Policy;

c.   That because Integrand is not bound to indemnify Puma pursuant to the above, we request that Puma be ordered to reimburse Integrand the advance payment of $3,500,000.

d.   That Puma must pay attorney's fees and costs based on frivolousness.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this day of February 14, 2018.

**COBIAN ROIG LAW OFFICES**
P.O. Box 9478
San Juan, PR 00908-9478
Tel.: (787) 247-9448
Fax: (787) 725-1545
eduardo@cobianroig.com
**s/Eduardo J. Cobián Roig**
Eduardo J. Cobián Roig
PRSC No. 15661

**CERTIFICATE OF TRANSLATION INTO ENGLISH**

I, Margot A. Acevedo, of legal age, married, a resident of  Shorewood, WI., a professional interpreter/ translator, certified by the Administrative Office of the United States Courts, do HEREBY CERTIFY that I have personally translated the foregoing document and that it is a true and accurate translation to the best of my knowledge and abilities.

In San Juan, Puerto Rico, today, February 19,  2019.

Margot A. Acevedo
ATABEX TRANSLATION SPECIALISTS, Inc.
P.O. Box 195044, San Juan, PR 00919-5044

**Estado Libre Asociado de Puerto Rico**
**Tribunal de Primera Instancia**
Sala SUPERIOR de BAYAMÓN

| | |
|---|---|
| INTEGRAND ASSURANCE COMPAY | CASO NÚM: BY2019CV00754 |
| Nombre de la(s) Parte(s) Demandantes(s) | |
| **VS.** | SALÓN NÚM: 703 |
| PUMA ENERGY CARIBE, LLC | ACCIÓN CIVIL DE COBRO DE DINERO - ORDINARIO, SEGUROS |
| Nombre de la(s) Parte(s) Demandada(s) | (Materia o Asunto) |

### EMPLAZAMIENTO

ESTADOS UNIDOS DE AMÉRICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A: PUMA ENERGY CARIBE, LLC
_____
Nombre de la parte demandada que se emplaza

CARR. 28 , PR 00961, KM 2.0 LUCHETTI INDUSTRIAL PARK, BAYAMÓN, PUERTO RICO, 00961
Dirección de la parte demandada que se emplaza

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los _____30_____ días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr/sumac/, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaría del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

**EDUARDO J COBIAN ROIG**
Nombre del (de la) abogado(a) de la parte demandante, o de la parte, si no tiene representación legal

15661
Número ante el Tribunal Supremo, si es abogado(a)

PO BOX 9478
SAN JUAN, PUERTO RICO 00908
Dirección

TEL. 7877232054
Número de teléfono; número de fax

EDUARDO@COBIANROIG.COM
Correo electrónico

Expedido bajo mi firma y sello del Tribunal, el _____ de FEB 1 4 2019 de _____ .

_Manuel Mojica Sierra_  Interino
Nombre del (de la) Secretario(a) Regional

HERMINELLY ROLÓN LÓPEZ
Secretaria Auxiliar
Por: _____
Nombre y Firma del (de la) Secretario(a) Auxiliar

CASO NÚM: _____

## CERTIFICADO DE DILIGENCIAMIENTO POR EL (LA) ALGUACIL

Yo, _____ Alguacil del Tribunal de Primera Instancia de Puerto Rico Sala de _____ .

CERTIFICO que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí, el _____ de _____ de _____ , a las _____ ☐am ☐pm, de la siguiente forma:

☐    Mediante entrega personal a la parte demandada en la siguiente dirección física:
_____

☐    Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física:
_____

☐    Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o designada por ley para recibir emplazamientos en la siguiente dirección física:
_____

☐    No se pudo diligenciar el emplazamiento personalmente debido a que:
_____
_____

En _____ , Puerto Rico, el _____ de _____ de _____ .

_____        _____
Nombre del (de la) Alguacil Regional        Nombre del (de la) Alguacil de Primera Instancia
                                            y Número de Placa

_____
Firma del (de la) Alguacil de Primera Instancia

## DILIGENCIAMIENTO DEL EMPLAZAMIENTO POR PERSONA PARTICULAR

Yo, _José Méndez_ , declaro tener capacidad legal conforme la Regla 4.3 de Procedimiento Civil de Puerto Rico, y certifico que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí, el _15_ de _Febrero_ de _2019_ , de la siguiente forma:

☐    Mediante entrega personal a la parte demandada en la siguiente dirección física:
_____

☐    Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física:
_Carr 28 KM 2.0 Luchetti Industrial Park Bayamon, P. Rico_

☒    Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o designada por ley para para recibir emplazamientos en la siguiente dirección física:
_Plural Energy Center LLC Ple de Facing Ricar Diez, Value Proposition Manager_

☐    No se pudo diligenciar el emplazamiento personalmente debido a que:
_____
_____

## COSTOS DEL DILIGENCIAMIENTO

$ _____

## DECLARACIÓN DEL(DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información provista en el diligenciamiento del emplazamiento es verdadera y correcta. Y PARA QUE ASÍ CONSTE, suscribo la presente en _Bayamon_ , Puerto Rico, el _15_ de _Febrero_ de _2019_ .

_____        _____
Firma del (de la) emplazador(a)        Dirección del(de la) emplazador(a)
                                       _Carolina, PR_

AFFIDÁVIT NÚM. _____ [en caso de ser juramentado ante un(a) notario(a)]

Jurado(a) y suscrito(a) ante mí por _____ ,
de las circunstancias personales anteriormente mencionadas, a quien doy fe de conocer

_____
(conocimiento personal o, en su defecto, la acreditación del medio supletorio provisto por la Ley Notarial)

En _____ , Puerto Rico, el _____ de _____ de _____

_____
Nombre del (de la) Notario(a) o Secretario(a) Regional

_____
Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMÓN**

| | |
|---|---|
| INTEGRAND ASSURANCE COMPANY | CIVIL NÚM. _____ |
| **DEMANDANTE** | |
| VS. | |
| PUMA ENERGY CARIBE, LLC | SOBRE:<br>SENTENCIA DECLARATORIA;<br>COBRO DE DINERO |
| **DEMANDADOS** | |

**DEMANDA**

**AL HONORABLE TRIBUNAL:**

**COMPARECE** la parte demandante INTEGRAND ASSURANCE COMPANY ("Integrand"), representada por el abogado que suscribe y muy respetuosamente EXPONE, ALEGA y SOLICITA respecto a esta Demanda:

I.      **NATURALEZA DE LAS CAUSAS DE ACCIÓN Y COMPETENCIA**

1.      Integrand presenta esta Demanda de sentencia declaratoria bajo la Regla 59 de Procedimiento Civil, 32 LPRA Ap., V, R. 59, con el propósito de que se adjudiquen controversias reales, actuales e inminentes entre las partes, y se determine la relación legal existente bajo una Póliza de Seguros emitida por Integrand a nombre de Puma Energy Caribe, LLC ("Puma"). Este Tribunal tiene competencia sobre esta Demanda ya que el contrato de seguros fue negociado y suscrito en San Juan, Puerto Rico. Además, la reclamación subyacente tiene que ver con alrededor de **357 gasolineras de Puma** localizadas en distintas partes de Puerto rico que alegadamente sufrieron daños como consecuencia de los huracanes Irma y María, incluyendo algunas situadas en el Municipio de Bayamón.

2.      Integrand solicita del Tribunal que emita una sentencia declaratoria estableciendo que, conforme al contrato de seguros y el Código Civil de Puerto Rico, la cubierta que provee la póliza de seguros debe ser declarada nula por razón de fraude y falsas representaciones de Puma durante el proceso de reclamación y, por tal, Integrand no tiene obligación de proveer cubierta a la reclamación presentada por Puma por daños como consecuencia del huracán María. Integrand presenta además una acción en cobro de dinero por la cantidad de 3.5 millones, correspondiente al

adelanto que entregó Integrand a Puma de buena fe durante el proceso de reclamación.

## II. LAS PARTES

3.    Integrand es una compañía aseguradora organizada y existente a tenor con las leyes de Puerto Rico, con oficina principal en San Juan, Puerto Rico. Su dirección es: Ave. Franklin D. Roosevelt, Urb. Caparra Heights 369 Calle Ensenada San Juan, Puerto Rico 00920-3503. Su número de teléfono es (787) 781-0707.

4.    Por información y creencia Puma Energy Caribe LLC es una compañía de responsabilidad limitada organizada bajo las leyes de Puerto Rico, con dirección en Carr. 28, Km 2.0 Luchetti Industrial Park Bayamón, PR 00961. El agente residente es la propia entidad en la misma dirección.

## III. HECHOS COMUNES A LAS CAUSAS DE ACCIÓN

5.    Integrand emitió la póliza de seguros Núm. 028095768 a nombre de Puma (en adelante "**Póliza**"), con vigencia del 30 de septiembre de 2016 al 30 de septiembre de 2017.

6.    La póliza incluyó un endoso identificado como *Commercial Property Conditions*, con número CP 00 90 07 88 [CP0090(07-88)]. de la póliza, identificando CP0090(07-88) en los Forms and Endorsements.

7.    El 20 de septiembre de 2017, el huracán María arremetió a Puerto Rico y causó daños estimados en más de $90,000,000,000, por lo que se declaró la Isla como zona de emergencia, a tan dos (2) semanas de haber recibido el embate del huracán Irma.

8.    El 5 de octubre de 2017 Puma notificó a Integrand que había sufrido daños como consecuencia del paso del huracán María. El manejo de la reclamación comenzó estando a cargo del productor de seguros del asegurado, Marsh Saldaña, Inc. ("Marsh Saldaña").

9.    El 8 de noviembre de 2017, Puma le entregó a Integrand una serie de documentos que incluían la cifra sin desglosar de $38,008,718, correspondientes a posibles pérdidas de distintas estaciones de gasolina que operan bajo la marca de Puma en Puerto Rico.

2

10. El 13 de noviembre de 2017, Integrand emitió cheque de adelanto bajo la reclamación de Puma por la cantidad de $3,500,000.

11. El 28 de noviembre de 2017, Integrand se reunión en las oficinas de Puma, en la cual también estuvieron presentes representantes del productor de seguros de Puma, Marsh Saldaña.

12. El 8 de junio de 2018, se llevó a cabo una reunión en las oficinas de Integrand en San Juan. En dicha reunión Puma entregó una carpeta con 47 reclamaciones correspondientes a 47 estaciones de gasolina que estaban en proceso de ser remodeladas por Puma, posterior al huracán María, sin haber permitido a Integrand inspeccionar las propiedades en coordinación con el asegurado. En dicha reunión Integrand informó que tenía derecho a inspeccionar las estaciones antes de que Puma las remodelara para evitar controversias futuras en el ajuste, y solicitó que se coordinaran las inspecciones. A dicha reunión acudieron representantes del productor de seguros de Puma, Marsh Saldaña.

13. Las remodelaciones que Puma hizo a la mayoría de estas 47 estaciones de gasolina **no** fueron meros arreglos de los daños sufridos por el huracán María. Puma remodeló la mayoría de estas 47 estaciones de gasolina con una imagen totalmente nueva y distinta a lo existente previo al huracán María, y con mejoras adicionales.

14. El 13 de julio de 2018, el Sr. Humberto Conde de Alico Construction, contratado por Integrand, inspeccionó tres (3) estaciones de Puma, junto al Ing. Alberto Velázquez, contratado por Puma. Una de éstas estaciones de gasolina estaba casi remodelada en su totalidad. Otra estaba en demolición total. Y la tercera estaba en proceso de comenzar la remodelación.

15. El 26 de julio de 2018, se llevó a cabo una reunión con el propósito de darle seguimiento a la reclamación de Puma. Integrand le reiteró a Marsh Saldaña que interesaba inspeccionar todas las estaciones de gasolina afectadas por el huracán María en coordinación con el asegurado. Integrand informó que los estimados preparados por Puma contenían partidas que no correspondían a daños por el huracán María.

3

16.     El 31 de agosto de 2018, el señor Conde de Alico Construction, contratado por Integrand, se reunió con varios contratistas de Puma. Entre otras cosas, en dicha reunión se discutieron asuntos como precios unitarios, y el formato de las hojas de estimados de daños. Además, el señor Conde reiteró la importancia de permitir que Integrand inspeccione de manera coordinada con Puma las estaciones de gasolina, y la dificultad en ajustar estaciones de gasolina que fueron remodeladas por Puma previo a coordinar la inspección con Integrand. En dicha reunión Integrand solicitó fotografías de los daños sufridos como consecuencia del huracán María.

17.     Durante el mes de octubre de 2018 se celebraron varias reuniones entre los representantes de Integrand y del productor de seguros de Puma, Marsh Saldaña y el contratista Alico Construction. En una reunión llevada a cabo el 22 de octubre de 2018, Integrand le informó a Puma, a través de Marsh Saldaña, que tenía que cumplir con sus obligaciones bajo la Póliza y permitir que Integrand inspeccionara las propiedades antes de ser remodeladas. Integrand informó además que tenía fotografías que mostraban parte de las condiciones en que se encontraban las estaciones de gasolina de Puma que habían sido tomadas justo antes del huracán María, y de las desventajas de no poder contar con una inspección física de los daños por cada estación de gasolina. En esta reunión del 22 de octubre de 2018 Integrand entregó 11 esfimados de su perito Calico Construction, correspondientes a 11 estaciones de gasolina. En dicha reunión, Integrand informó además que continuaba notando que los estimados que estaba presentando Puma contenían partidas que **no** correspondían a daños por el huracán María, y que correspondían a las remodelaciones que había realizado Puma como parte del cambio de imagen de las estaciones.

18.     El 30 de octubre de 2018, Integrand le entregó a Marsh Saldaña 10 estimados adicionales que preparó Alico Construction, contratado por Integrand, para compararlos con los estimados preparados por Puma. El ajustador asignado por Integrand al caso, el Sr. McTeddy Montañez, le informó al Sr. Roberto Moscoso de Marsh Saldaña que, luego de haber examinado los primeros veinte estimados, Integrand estaba notando un patrón en Puma de incluir partidas en sus estimados que

4

<u>no</u> son el resultado de daños por el huracán María, sino que corresponden a las mejoras adicionales y/o remodelación de cambio de imagen de Puma, las cuales no están cubiertas por la póliza. Esto resultaba en estimados con cantidades exhorbitantes en comparación con los preparados por Integrand. Este patrón de parte de Puma, constituyó una falsa representación con el propósito de obtener más dinero del que realmente tiene derecho Puma bajo la Póliza.

19. El próximo día, el 31 de octubre de 2018, Integrand recibió una carta del representante legal de Puma informando que Puma había contratado sus servicios y los servicios de Strategic Claims Consultants para el proceso de reclamación. O sea, Marsh Saldaña ya no sería el contacto con el asegurado para el proceso de reclamación.

20. El 4 de diciembre de 2018, por medio de sus respectivos abogados, Integrand le solicitó a la representación legal de Puma el nombre y licencia del ajustador público contratado bajo la compañía Strategic Claims Consultants, y el formulario de prueba de pérdida ("proof of loss") para cada estación de servicio, debidamente juramentados, según permite la Póliza.

21. Durante el mes de enero de 2019, Integrand recibió de Puma un sinnúmero de "proof of loss" acompañados de las declaraciones juradas solicitadas por Integrand y otros documentos de apoyo. Los "proof of loss" entregados por Puma bajo juramento aumentaron considerablemente los estimados previos de Puma. Así, por ejemplo, en la estación de gasolina identificada con el número 037, localizada en Río Piedra Heights, existen las siguientes diferencias en los estimados: El estimado de Integrand fue de $100,234.17; el estimado original de Puma fue de $266,982.70; y el estimado entregado con el "proof of loss" juramentado es de $410,635.46.

22. Integrand comenzó a evaluar los "proof of loss" sometidos por Puma durante el mes de enero de 2019, y encontró nuevamente el mismo patrón de incluir partidas que no corresponden a daños por el huracán María, sino que corresponden a mejoras adicionales y/o la remodelación de cambio de imagen de Puma, lo cual no está cubierto por la póliza. Este patrón de incluir partidas constituye una falsa representación con el propósito de obtener más dinero al que realmente tiene derecho

bajo la Póliza.

## IV. PRIMERA CAUSA DE ACCIÓN
### (Sentencia Declaratoria)

23. Se adoptan por referencia las alegaciones que preceden.

24. La Regla 59 de las de Procedimiento Civil, 32 L.P.R.A. Ap. V, R.59, establece que este Honorable Tribunal tendrá autoridad para declarar derechos, estados y otras relaciones jurídicas, a pesar de que se inste o pueda instarse otro remedio. Integrand presenta esta solicitud de sentencia declaratoria para que, conforme a los términos y condiciones de la Póliza, se declare que no existe cubierta de seguros para la reclamación presentada por parte del asegurado Puma como consecuencia del huracán María. La solicitud se fundamenta en fraude y falsas representaciones cometidas por Puma bajo el Artículo 27.180 del Código de Seguros de Puerto Rico, 26 L.P.R.A. § 2720 y el endoso Commercial Property Conditions CP 00 90 07 88 de la póliza.

25. En este caso, según las disposiciones contractuales y jurídicas citadas, existe una controversia real y justiciable con respecto a la existencia de valiosos derechos bajo la póliza, y existe una disputa real y bona fide que amerita que se dicte sentencia declaratoria.

26. El Artículo 1044 del Código Civil dispone que las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes, y deben cumplirse a tenor con los mismos. 31 LPRA § 2994. Desde entonces las partes se obligan, no sólo al cumplimiento de lo expresamente pactado, sino también a todas las circunstancias que sean conforme a la buena fe, al uso y a la ley. Art. 1210 del Código Civil, 31 LPRA § 3375.

27. Al amparo del Artículo 27.180 del Código de Seguros de Puerto Rico, 26 L.P.R.A. § 2720, se prohíben varios actos específicos en la presentación de una reclamación ante una aseguradora, incluyendo

(1) **presentar una reclamación falsa o fraudulenta, o alterar u omitir información o cualquier prueba en apoyo de la misma, para el pago de una pérdida con arreglo a un contrato de seguro;** o

(2) **ayudar o participar en la presentación de una reclamación fraudulenta, o alterar u omitir información o cualquier prueba en apoyo de la misma, para el pago de una pérdida con arreglo a un contrato de seguro;** o

6

(3) **preparar**, **hacer**, **suscribir**, alterar, omitir, **ayudar o participar** en preparar, hacer, suscribir, alterar, u omitir cualquier cuenta, certificado, **declaración jurada, prueba de pérdida** u otro documento o escrito falso con intención de que el mismo se presente o utilice en apoyo de dicha reclamación…" (énfasis suplido)

28.  La Asamblea Legislativa de Puerto Rico fue clara en establecer que "[c]ualquier persona que, con intención y a sabiendas incurriera en cualquiera de las prácticas, antes descritas, se considerará que ha cometido **fraude** para los efectos de este capítulo." (énfasis suplido) Véase Artículo 27.180 del Código de Seguros de Puerto Rico, 26 L.P.R.A. § 2720.

29.  Por otro lado, la Póliza expresamente dispone que Integrand tiene derecho a anular la cubierta de Propiedad Comercial **en caso de fraude o falsas representaciones** en el proceso de reclamación por parte del asegurado, señalando lo siguiente:

A.  CONCEALMENT, MISREPRESENTATION OR FRAUD

This coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning;

1.  This Coverage Part;
2.  The Covered Property;
3.  Your interest in the Covered Property; or
4.  **A claim under this Coverage Part.** [Énfasis suplido]

El lenguaje del contrato de seguros arriba citado, el cual es una forma de ISO Commercial Risk Services, Inc. ("ISO"), fue aprobado por la Oficina del Comisionado de Seguros y es ley entre las partes.[1]

30.  Conforme al contrato de seguros entre Integrand y Puma, Integrand tiene derecho a **anular** (void) la cubierta de propiedad comercial por fraude y falsas representaciones del asegurado Puma. Dicho fraude y falsas representaciones fueron

---

[1] La ISO es una compañía organizada con el propósito de proveer servicios e información estadística y actuarial a la industria de seguros. Entre otras funciones, desarrolla modelos de formularios estandarizados normalmente utilizados por los aseguradores. Véase Maderas Tratadas v. Sun Alliance, 185 D.P.R. 880, 902 f. 6 (2012). Véase además, Comisionado De Seguros De Puerto Rico v. Integrand Assurance Company, 2006 WL 3955862 (Tribunal de Apelaciones) ("El Insurance Services Office (ISO), es un organismo tarifador autorizado por la Oficina del Comisionado de Seguros (OCS) para presentar a nombre de sus miembros o suscriptores, antes de usarlos, cada lista de tipos, manual de tipos, plan tarifario, regla de tipos, así como cualquier otra información concerniente a la aplicación y cómputo de tipos o modificación de los mismos para su aprobación por la OCS, al amparo del artículo 12.210 del Código de Seguros (26 L.P.R.A. sec. 1221).")

cometidos por Puma al reiteradamente someter reclamaciones que incluyen partidas de mejoras adicionales y remodelaciones que no son el resultado de daños provocados por el paso del huracán María, y someter otras partidas irrazonablemente exhorbitantes y sobreevaluadas, con el propósito de obtener más dinero en la reclamación al que realmente tiene derecho.

31. Puma sometió a Integrand estimados y documentos de prueba de pérdidas que contienen información falsa, incluyendo valoraciones de pérdidas crasamente sobreestimadas y pérdidas no relacionadas al Huracán María.

32. En todo momento, Integrand ofreció ajustar la pérdida reclamada conforme los términos y condiciones de la póliza. Por ello fue que contrato a Calico Construction e insistió en llevar a cabo inspecciones coordinadas con el asegurado previo a que Puma remodelara. La negativa de llevar a cabo inspecciones coordinadas con Integrand previo a remodelar también constituyó un incumplimiento contractual de Puma bajo la Póliza.

33. La diferencia extraordinaria entre los estimados de Integrand y Puma denota que Puma sometió información falsa al reclamar mejoras adiconales que no son el resultado de daños provocados por el huracán María, con la intención de defraudar a Integrand para obtener una cantidad mayor a lo que tenía derecho. En la alternativa, se realizó dicho estimado exponencialmente sobrevalorado para estar en una mejor posición al momento de negociar con Integrand.

34. Puma incurrió en fraude bajo el Código de Seguros. Véase Arts. 9.050(3) y 9.300(1)(a) del Código de Seguros, 26 L.P.R.A. §§ 949f(3) y 951q(1)(a).

35. El haber realizado fraude y falsas representaciones en el proceso de reclamación también constituye dolo en el cumplimiento contractual por parte de Puma. El dolo, en el incumplimiento contractual, es la negativa consciente y voluntaria del deudor a cumplir su obligación, sabiendo que realizará un acto injusto. Mayagüez Milton Corp. v. Betancourt, 156 DPR. 234 (2002); Canales v. Pan American, 112 DPR 329 (1982); Márquez v. Torres Campos, 111 D.P.R. 854 (1982).

36. Al someterle a Integrand estos estimados y documentos de prueba de pérdidas, Puma incumplió con varios de sus deberes esenciales bajo la Póliza, a saber:

8

no brindar información completa con respecto a su reclamación; y no brindar información veraz con respecto a su reclamación.

37. La cubierta por la Póliza quedó invalidada en su totalidad por sus propios términos y condiciones, relevando a Integrand de cumplir con su deber de indemnización bajo la póliza.

38. A tenor con lo anteriormente expuesto, procede que este Honorable Tribunal dicte una sentencia declaratoria estableciendo que la póliza emitida por Integrand a Puma debe ser invalidada en su totalidad en atención a las disposiciones anteriormente citadas y que el pago por adelantado de $3,500,000 realizado por Integrand – pagado a Puma dentro del proceso de ajuste - le sea restituído.

## V. SEGUNDA CAUSA DE ACCIÓN
### (COBRO DE DINERO)

39. Se incorporan y se hacen formar parte de esta alegación todas las alegaciones contenidas en los párrafos anteriores.

40. Durante el proceso de ajuste de la reclamación de Puma, Integrand pagó $3,500,000 a Puma en concepto de pago por adelantado, con el propósito de ayudar al asegurado mientras se ajustaba su reclamación.

41. De conformidad con lo antes expuesto en torno al (1) dolo en el cumplimiento contractual; (2) fraude y (3) falsas representaciones de Puma durante el proceso de ajuste de las reclamaciones, y (4) la procedencia de una Sentencia Declaratoria en torno a que la cubierta bajo la Póliza debe ser invalidada, procede que este Honorable Tribunal dicte Sentencia a favor de Integrand ordenando a Puma a pagar la cantidad de $3,500,000 en concepto de restitución.

**POR TODO LO CUAL,** Integrand solicita muy respetuosamente de este Honorable Tribunal que acoja el presente recurso y, en consecuencia, dicte sentencia a favor de la compareciente y en contra de Puma, dictaminando lo siguiente:

a. Que al haber el asegurado Puma incurrido en fraude de seguros, la cubierta de Propiedad Comercial queda invalidada en su totalidad por sus propios términos. Por lo tanto, Integrand queda relevada de cumplir con su deber de indemnización bajo la Póliza;

b. Que al haber el asegurado Puma incumplido con varios de sus deberes

9

esenciales bajo la Póliza, entre estos, no brindar información completa con respecto a su reclamación y no brindar información veraz con respecto a su reclamación, la cubierta de Propiedad Comercial queda invalidada en su totalidad por sus propios términos. Por lo tanto, Integrand queda relevada de cumplir con su deber de indemnización bajo la Póliza;

c. En virtud de que Integrand no está obligada a indemnizar a Puma conforme antes indicado, se solicita se ordene a Puma a restituir a Integrand el pago por adelantado de $3,500,000.

d. Condene a Puma al pago de honorarios de abogados y costas por frivolidad.

**RESPETUOSAMENTE SOMETIDA.**

En San Juan, Puerto Rico, hoy 14 de febrero de 2018.

**COBIAN ROIG LAW OFFICES**
P.O. Box 9478
San Juan, PR 00908-9478
Tel.: (787) 247-9448
Fax.: (787) 725-1545
eduardo@cobianroig.com

**s/ Eduardo J. Cobían Roig**
Eduardo J. Cobián Roig
TSPR Núm. 15661