# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

INTEGRAND ASSURANCE COMPANY,

    **Plaintiff**,

        **v.**

PUMA ENERGY CARIBE, LLC,

    **Defendant**.

PUMA ENERGY CARIBE, LLC,

    **Third Party Plaintiff**,

        **v.**

EVEREST REINSURANCE COMPANY; ODYSSEY REINSURANCE COMPANY; SWISS REINSURANCE AMERICA CORPORATION ARMONK; CATLIN (XL CATLIN) UNDERWRITING INC., MIAMI ON BEHALF OF LLOYD'S SYNDICATE 2003, LONDON; ALLIED WORLD REINSURANCE MANAGEMENT COMPANY FOR AND ON BEHALF OF LLOYD'S SYNDICATE 2232, LONDON; MS AMLIN P/C; ASPEN INSURANCE UK LIMITED TRADING AS ASPEN RE,

    **Third Party Defendant**.

**Civil No.** 19-1195 (FAB)

## OPINION AND ORDER

BESOSA, District Judge.

    This case began when Integrand Assurance Co. ("Integrand"), an insurer, filed suit against Puma Energy Caribe, LLC ("Puma"), its insured. <u>See</u> Docket No. 1. After Puma removed the case to this Court, <u>id.</u>, Puma answered and asserted counterclaims against

Integrand, (Docket No. 12.)  Later, Puma moved for judgment on the

pleadings.    (Docket  No. 43.)    Puma  also  moved  to  dismiss

Integrand's complaint for a failure to comply with this Court's

order.  (Docket No. 64.)

Puma also filed a document, styled as a third-party complaint

pursuant to Federal Rule of Civil Procedure 14(a), against a group

of reinsurers.   (Docket No. 24.)   These reinsurers are Everest

Reinsurance Co. ("Everest"), Odyssey Reinsurance Co. ("Odyssey"),

Swiss  Reinsurance  America  Corp.  Armonk  ("Swiss"),  Catlin  (XL

Catlin) Underwriting Inc., Miami on behalf of Lloyd's Syndicate

2003, London ("Catlin"), Allied World Reinsurance Management Co.

for  and  on  behalf  of  Lloyd's  Syndicate  2232,  London  ("Allied

World"), MS Amlin P/C ("Amlin"), Aspen Insurance UK Limited Trading

as  Aspen  Re  London,  England  ("Aspen"),  and  Liberty  Specialty

Services Ltd. LIB 4472, Paris Office Underwriting for and on behalf

of Lloyd's Syndicate No. 4472 ("Liberty").[1]  Id. at pp. 3-4.  The

reinsurers filed motions to dismiss.  (Docket Nos. 50, 60, 66, 67,

78.)

For the reasons discussed below, the reinsurers' motions to

dismiss are **GRANTED** and Puma's self-styled third-party complaint,

---

[1] Liberty is not included in the caption of Puma's self-styled third-party
complaint.  See Docket No. 24 at p. 1.  Liberty is listed, however, among the
defendants.  Id. at p. 4.  Thus, the Court considers Liberty to be among the
reinsurers against which Puma asserts its claims.

(Docket No. 24,) is **DISMISSED WITHOUT PREJUDICE.** Puma's motion to dismiss Integrand's complaint for failure to comply with this Court's order, (Docket No. 64,) is **DENIED**.

## I.   Background

In its complaint, Integrand generally alleges that Puma committed fraud and misrepresentations in an insurance claim submitted to Integrand. See Docket No. 1, Ex. 1 at p. 4. As a result, Integrand seeks a declaration that coverage for Puma's claim is void. Id. at pp. 4-5, 9-12. Additionally, Integrand seeks to collect $3,500,000 it advanced to Puma during the claim process. Id. at p. 12.

Puma counterclaims. (Docket No. 12 at p. 9.) According to Puma, Integrand has improperly refused to pay Puma's claim. See id. at pp. 11-19. Puma seeks damages from Integrand for (i) breach of the insurance agreement, (ii) negligent or intentional acts or omissions causing economic damages, (iii) breach of the implied covenant of good faith and fair dealing in the insurance agreement, and (iv) loss of business reputation and goodwill. Id. at pp. 19-22. Puma also seeks attorney fees. Id. at p. 22-23.

In addition, Puma filed a motion for judgment on the pleadings. (Docket No. 43.) In the motion, Puma seeks dismissal of Integrand's complaint based on an asserted failure to plead fraud with specificity. Id. at pp. 5-11.

Puma further moves to dismiss Integrand's complaint because of a failure to comply with this Court's order. (Docket No. 64.) Puma notes that, on September 3, 2019, the Court gave Puma until September 30, 2019 to appoint new counsel or risk dismissal of its complaint without prejudice. (Docket No. 45.)

Puma also brings what it terms a third-party complaint against the reinsurers pursuant to Federal Rule of Civil Procedure 14(a). (Docket No. 24 at p. 2.) According to Puma, the reinsurers have collusively breached their reinsurance agreements with Integrand and failed to pay Integrand. Id. at pp. 5-6, 13-14. Puma notes that Integrand filed a complaint in a separate matter with similar allegations. Id. at pp. 10-12 (citing Integrand Assurance Co v. Everest Reinsurance Co., Civ. No. 19-1111 (DRD), Docket Nos. 1 and 8).[2] Because of the reinsurers' actions, Puma says, Integrand has concocted a scheme to delay payments to Puma by falsely alleging that Puma has committed fraud. Id. at pp. 5-6. Puma brings claims against the third-party defendant reinsurers for (i) intentional breach of the reinsurance contracts, (ii) prejudicing Puma's rights as third-party beneficiary of the reinsurance contracts, and (iii) negligent handling of reinsurance claims. Id. at pp. 12-19.

---

[2] On December 4, 2019, Judge Domínguez dismissed Integrand's amended complaint in Civil No. 19-1111 and ordered the parties to arbitrate. See Docket No. 99 at pp. 2-3 (citing Civil No. 19-1111, Docket No. 140).

The reinsurers seek dismissal. (Docket Nos. 50, 60, 66, 67, 78.) They raise powerful points in favor of dismissal, including that: (i) generally, a reinsurance agreement involves no privity between the reinsurer and the original insured absent a special undertaking to assume a direct liability to the original insured; (ii) there was no such undertaking in this case; (iii) Puma does not have standing to assert the rights of a third party (Integrand); (iv) the reinsurance agreements mandate any disputes arising thereunder must be arbitrated; (v) Federal Rule of Civil Procedure 14(a) is not a proper means for Puma to assert its claims; and (vi) Puma did not comply with the requirements of Rule 14(a). See Docket Nos. 50, 60, 66, 67, 78. Four reinsurers also seek attorney fees. See Docket No. 50 at pp. 17–19.

## II. Puma's Claims Against the Reinsurers

Puma erroneously seeks to implead the reinsurers pursuant to Federal Rule of Civil Procedure 14(a). See Docket No. 24 at p. 2. Rule 14(a) is appropriate where a defendant, as a third-party plaintiff, brings in a nonparty "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a); see Arroyo-López v. Hosp. Dr. Domínguez, Inc., 262 F.R.D. 93, 95 (D.P.R. 2009) (Delgado-Colón, J.) ("The claim that the third-party plaintiff asserts must be derivative of some claim set forth in the plaintiff's complaint."). Puma is not seeking indemnity from

the reinsurers for any claim asserted by Integrand against Puma. See Docket No. 24 at pp. 12-19. Puma does not assert that the reinsurers "[are] or may be liable to it for all or part of the claim[s] against it." Id.; Fed. R. Civ. P. 14(a). Instead, Puma seems to join the reinsurers as additional parties against which to assert their own claims. Alternatively or additionally, Puma may wish to join the reinsurers ostensibly to explain why, in Puma's view, Integrand has failed to pay Puma and why Integrand has concocted a scheme to delay payments and to bring its complaint in the main action. Either way, Rule 14(a) is inapposite.[3] See Legion Ins. Co. v. Family Serv., Inc., 561 F. Supp. 2d 232, 236 (D.R.I. 2008) (reaching similar conclusion).

Puma's mislabeling of its claim is not, on its own, a basis for dismissal. "If a pleading states a claim upon which relief may be granted and puts the party against which it is asserted on notice of the claim, the fact that the pleading may be incorrectly labeled is not fatal to the claim." Id.

---

[3] Even if Rule 14(a) applied, Puma bungled it. According to Rule 14(a), "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a). Puma filed its answer to Integrand's complaint on April 8, 2019, see Docket No. 12, and its self-styled third-party complaint on May 8, 2019, see Docket No. 24. Puma did not obtain leave to file the self-styled third-party complaint one month after its answer.

According to Rule 13(h), "Rules 19 and 20 govern the addition

of a person as a party to a counterclaim or crossclaim." Fed. R.

Civ. P. 13(h).  But,

> Rule 13(h) only authorizes the court to join additional
> persons in order to adjudicate a counterclaim or
> crossclaim that already is before the court or one that
> is being asserted at the same time the addition of a
> nonparty is sought.  This means that a counterclaim or
> crossclaim may not be directed solely against persons
> who are not already parties to the original action, but
> must involve at least one existing party.

6 Charles Alan Wright *et al.*, Federal Practice and Procedure

§ 1435, at 319 (3d ed. 2010); see F.D.I.C. v. Bathgate, 27 F.3d

850, 873–74 & n.13 (3d Cir. 1994); see also Bonumose Biochem LLC

v. Zhang, Civ. No. 17-33, 2018 WL 3733651, at *10 (W.D. Va. Aug.

6, 2018) (collecting cases); AllTech Comms., LLC v. Brothers, 601

F. Supp. 2d 1255, 1260 (N.D. Okla. 2008) ("The weight of authority

holds that Rule 13(h) cannot be used to assert a counterclaim or

crossclaim solely against an unnamed party.").  Here, the

reinsurers were not named in the main action, and Puma's claims

against the reinsurers are asserted solely against them.  Put

another way, no claim asserted against the reinsurers is also

asserted against Integrand.  Thus, Rule 13(h) does not provide a

vehicle by which Puma can join the reinsurers.

Additionally, Puma cannot simply join the reinsurers pursuant

to Rule 20.  Defendants cannot invoke Rule 20 outside the context

of a counterclaim or crossclaim.  <u>See</u> <u>Hefley v. Textron, Inc.</u>, 713 F.2d 1487, 1499 (10th Cir. 1983); <u>Nixon v. Guzzetta</u>, 272 F.R.D. 260, 262 (D.D.C. 2011).

Finally, Rule 19 provides that a person must be joined as a party if certain conditions are met.  Fed. R. Civ. P. 19.  But these conditions are not met here.  The Court can accord complete relief among Integrand and Puma on the claims in the main action in the absence of the reinsurers, and the reinsurers do not claim an interest relating to the subject of the main action.  <u>Id.</u> R. 19(a)(1)(A)–(B).

Thus, there is no procedural vehicle by which Puma can join the reinsurers to assert its claims against them.  Puma's self-styled third-party complaint, (Docket No. 24,) is **DISMISSED without prejudice**.  Allied World's motion to dismiss, (Docket No. 66,) and Odyssey's motion to dismiss, (Docket No. 78,) are **GRANTED**.  The other motions to dismiss, (Docket Nos. 50, 60, 67,) are **VACATED AS MOOT**.

### III. Reinsurers' Request for Attorney Fees

Catlin, Amlin, Aspen, and Liberty argue they are entitled to attorney fees.  (Docket No. 50 at pp. 17–19.)  They note that, before filing their motion to dismiss, they told Puma of their arguments for dismissal, invited a discussion and an exchange of

information or documents, and asked Puma to voluntarily dismiss its self-styled third-party complaint. Id. at p. 18.

Puma's self-styled third-party complaint and filings in opposition to the reinsurers' motions to dismiss come close to obstinance or frivolity. See Correa v. Cruisers, a Div. of KCS Int'l, Inc., 298 F.3d 13, 30–34 (1st Cir. 2002). Puma responds to the reinsurers' arguments for dismissal by observing that courts have found exceptions to the legal doctrines on which the reinsurers rely and, without pleading or alleging any fact that would bring Puma within those exceptions, asking for the right to conduct discovery. See, e.g., Docket No. 68 at pp. 4–9. The federal judiciary is not the place to start a fishing trip. Cf. Milazzo v. Sentry Ins., 856 F.2d 321, 322 (1st Cir. 1988) (*per curiam*) ("Discovery is not 'a fishing expedition'; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed."). Any law student could spot the woeful inadequacy of Puma's response. See, e.g., Jeffrey W. Stempel, *et al.*, Learning Civil Procedure 308–09 (2013) (explaining that, on review of a motion to dismiss pursuant to Rule 12(b)(6), a complainant's conclusory allegations unsupported by well-pled facts are disregarded and remaining facts must state a plausible claim for relief).

The Court does not believe, however, that Puma's actions rise to the level of being "unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation." Top Entm't, Inc. v. Torrejon, 351 F.3d 531, 533 (1st Cir. 2003) (internal quotation marks omitted). Therefore, the request for attorney fees, (Docket No. 50 at pp. 17–19,) is **DENIED**.

## IV. Puma's Motion to Dismiss Integrand's Complaint for Failure to Comply with Court Order

This case was stayed until August 29, 2019 pursuant to the Rehabilitation Order entered by the Commonwealth Court in case number SJ2019CV05526(504) styled Comisionado de Seguros de Puerto Rico v. Integrand Assurance Company. See Docket Nos. 31, 37. There is nothing in the record, however, indicating that the stay is currently effective.

On September 3, 2019, Integrand moved to withdraw attorneys José Antonio Fusté and Eduardo Cobián-Roig. (Docket No. 44.) Integrand noted that its attorneys are "impeded to continue representing Integrand . . . in any matter related to the insurance policy subscribed by said insured, such as the case at hand" because of a rehabilitation procedure ordered against Integrand. Id. at p. 1. Integrand also explained that "[t]he Commissioner of Insurance instructed the undersigned to withdraw from Integrand's legal representation." Id. at p. 2. The

rehabilitator, Integrand stated, declined to meet with attorneys Fusté and Roig.  Id.  Integrand noted that withdrawal of the attorneys would leave it "defenseless in this case" and requested the Court hold all deadlines in abeyance until new counsel for Integrand appears.  Id.

The Court granted the motion to withdraw on the same day. (Docket No. 45.)  The Court further stated, "Counsel will inform the rehabilitator that if new counsel is not appointed by September 30, 2019, this case will be dismissed without prejudice."  Id.

New counsel did not appear for Integrand by September 30, 2019.  Even to date, new counsel has not yet appeared.

On October 1, 2019, Puma moved to dismiss Integrand's complaint for failure to comply with the September 3 order. (Docket No. 64.)  Puma stated, "While we are aware that Integrand's management and ownership is in the midst of a bitter dispute with the Insurance Commissioner, we are also aware that the rehabilitator has appointed counsel in other cases and has appeared.  But not in this case."  Id. at p. 2.

The Court extends the deadline for new counsel to appear for Integrand to January 17, 2020.  No further extensions will be allowed.  If counsel for Integrand does not appear by that date,

its complaint shall be dismissed without prejudice.  Accordingly,

Puma's motion to dismiss, (Docket No. 64,) is **DENIED**.

## V.    Puma's Motion for Judgment on the Pleadings

Puma moves for judgment on the pleadings on the grounds that

Integrand failed to satisfy the pleading requirements for alleging

fraud pursuant to Federal Rule of Civil Procedure 9(b).  (Docket

No. 43 at p. 10.)  According to Puma, "Integrand has failed to

specify matters such as the time, place, and contents of the

allegedly false representations or omissions, as well as the

identity of the person making the misrepresentation or failing to

make a complete disclosure and what that defendant obtained

thereby."  Id.

Integrand has not responded to Puma's motion.  Puma's motion

was filed three days before attorneys Fusté and Roig withdrew.

See Docket Nos. 43–45.

Because the Court extends the time for new counsel for

Integrand to appear, the Court will not at this time consider

Puma's motion for judgment on the pleadings.  Should new counsel

for Integrand appear by January 17, 2020, Integrand will have

fourteen days from the date of such appearance to respond to Puma's

motion for judgment on the pleadings.

## VI.  Conclusion

Puma's self-styled third-party complaint against the reinsurers, (Docket No. 24,) is **DISMISSED WITHOUT PREJUDICE.** Puma's motion to dismiss Integrand's complaint for failure to comply with this Court's order, (Docket No. 64,) is **DENIED.**

Judgment shall be entered dismissing Puma's third-party complaint without prejudice.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 27, 2019.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE