IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INTEGRAND ASSURANCE COMPANY,<br><br>**Plaintiff**,<br><br>v.<br><br>PUMA ENERGY CARIBE, LLC,<br><br>**Defendant**. | **Civil No.** 19-1195 (FAB) |

OPINION AND ORDER

BESOSA, District Judge.

The court-appointed liquidator ("liquidator") for Integrand Assurance Company ("Integrand") moves to voluntarily dismiss Integrand's complaint against Puma Energy Caribe, LLC ("Puma") and to dismiss Puma's counterclaims. (Docket No. 110.) As discussed below, the Court converts the liquidator's motion to dismiss Puma's counterclaims into a motion for judgment on the pleadings, **GRANTS** the liquidator's motion, id., **DISMISSES WITHOUT PREJUDICE** Integrand's complaint, (Docket No. 1, Ex. 1,) **DISMISSES WITHOUT PREJUDICE** Puma's counterclaims, (Docket No. 12,) and **VACATES AS MOOT** Puma's motion for judgment on the pleadings, (Docket No. 43.)

I.  Background

Integrand, an insurer, began this case with a complaint against Puma in Puerto Rico's courts. (Docket No. 1, Ex. 1.) Integrand generally alleged that Puma committed fraud and

Civil No. 19-1195 (FAB)                                                    2

misrepresentations in an insurance claim submitted to Integrand. Id., Ex. 1 at p. 4.  Integrand requested a declaration that coverage for Puma's claim is void.  Id., Ex. 1 at pp. 4-5, 9-12. Additionally, Integrand sought to collect $3,500,000 it advanced to Puma during the claim process.  Id., Ex. 1 at p. 12.

Puma removed the case to this Court in February 2019. Id. at pp. 1-2.  Afterwards, Puma answered and asserted counterclaims against Integrand.  (Docket No. 12.)

In its counterclaims, Puma alleged that Integrand has improperly refused to pay Puma's claim.  See id. at pp. 11-19. Puma sought damages from Integrand for (i) breach of the insurance agreement, (ii) negligent or intentional acts or omissions causing economic damages, (iii) breach of the implied covenant of good faith and fair dealing in the insurance agreement, and (iv) loss of business reputation and goodwill.  Id. at pp. 19-22.  Puma also asked for attorney fees.  Id. at p. 22-23.

Puma also brought what it termed a third-party complaint against a group of reinsurers.  (Docket No. 24.)  The reinsurers moved for dismissal.  (Docket Nos. 50, 60, 66, 67, 78.)

In May 2019, Integrand entered a rehabilitation proceeding. See Docket No. 28 at p. 1; Docket No. 106 at pp. 1, 5; Docket No. 110, Ex. 1 at p. 1.  This case was stayed until August 29, 2019.  (Docket No. 31.)

Civil No. 19-1195 (FAB)                                                3

    On August 30, 2019, Puma filed a motion for judgment on the pleadings.  (Docket No. 43.)  In the motion, Puma argued for dismissal of Integrand's complaint based on an asserted failure to plead fraud with specificity.  Id. at pp. 5-11.

    Less than a month later, the Puerto Rico Insurance Commissioner petitioned to convert Integrand's rehabilitation procedure into a liquidation proceeding.  See Docket No. 110, Ex. 2 at p. 1.  The Puerto Rico court granted the petition.  Id.

    Puma then moved to dismiss Integrand's complaint because of a failure to comply with this Court's order.  (Docket No. 64 at pp. 1-2.)  Puma noted that, on September 3, 2019, the Court gave Integrand until September 30, 2019 to appoint new counsel or risk dismissal of its complaint without prejudice.  Id.; see Docket No. 45.  Puma stated, "With the dismissal of Integrand's Complaint, we can then focus on Puma's counterclaim and third-party complaint, as these have independent basis [*sic*] for jurisdiction."  (Docket No. 64 at p. 2.)

    On December 27, 2019, the Court resolved some of the pending motions.  Integrand Assurance Co. v. Puma Energy Caribe, LLC, Civ. No. 19-1195, 2019 WL 7288760 (D.P.R. Dec. 27, 2019) (Besosa, J.).  The Court granted some of the reinsurers' motions for dismissal and dismissed Puma's self-styled third-party complaint without prejudice.  Id. at *3.  The Court also denied Puma's motion to

Civil No. 19-1195 (FAB)                                                   4

dismiss and declined to consider at that time Puma's motion for judgment on the pleadings.  Id. at *4-5.  The Court allowed new counsel to appear for Integrand until January 17, 2020 and gave counsel fourteen days from the date of appearance to respond to Puma's motion for judgment on the pleadings.  Id. at *5.

On January 18, 2020, counsel for the liquidator appeared. See Docket No. 106 at p. 2.  The liquidator requested an extension until February 3, 2020, "to investigate the allegations of the complaint, the counterclaim and examine the records regarding the complaint as filed and Puma'[s] counterclaim."  Id.  The Court granted the request.  (Docket No. 107.)

On February 4, 2020, in the absence of any additional filing by Integrand or the liquidator, Puma moved for dismissal of Integrand's complaint for failure to comply with the Court's order. (Docket No. 108 at p. 5.)  Alternatively, Puma asked that its unopposed motion for judgment on the pleadings be granted.  Id. The Court denied the motion and gave Integrand until February 18, 2020 to state its position as to the pending claims and counterclaims.  (Docket No. 109.)

On February 6, 2020, the liquidator moved for the voluntary dismissal of Integrand's complaint and for the dismissal of Puma's counterclaims.  (Docket No. 110.)  Puma objected.  See Docket Nos. 114, 121.

Civil No. 19-1195 (FAB)                                                    5

**II.  Parties' Positions**

   **A.   Liquidator**

   The liquidator asks the Court to dismiss both Puma's counterclaims and Integrand's complaint.  (Docket No. 110.)

   The liquidator argues for dismissal of Puma's counterclaims based on article 40.210 of the Puerto Rico Insurance Code.  Id. at pp. 5-6 (citing P.R. Laws Ann. tit. 26, § 4021(1)).  Once liquidation proceedings commenced, the liquidator asserts, article 40.210 "substantively altered Puma's right to recovery in judicial proceedings" and "Puma no longer holds a claim upon which relief may be granted."  Id. at p. 6.  The liquidator's argument is supported by MRCo, Inc. v. Juarbe-Jiménez, 521 F.3d 88 (1st Cir. 2008).  (Docket No. 110 at pp. 5-6.)

   The liquidator asserts that Integrand's complaint is moot insofar as the complaint requests a declaration that coverage for Puma's claim is void.  Id. at p. 7.  The liquidator explains that article 40.160 of the Puerto Rico insurance code provides that an insurance policy like the one between Integrand and Puma is terminated thirty days from the date of entry of a liquidation order.  Id. (citing P.R. Laws Ann. tit. 26, § 4016(1)-(2)).

   The liquidator argues that the remainder of the complaint—alleging fraud and misrepresentations and seeking to collect $3,500,000 that Integrand advanced to Puma during the claim

Civil No. 19-1195 (FAB)                                                     6

process—should be dismissed to give the liquidator a chance to review Integrand's claims. Id. at p. 8. The liquidator explains that it "needs to evaluate all of Integrand's fraud allegations, in this and several other cases, to determine if the prosecution of such actions is beneficial to Integrand's estate, creditors, and policy holders." Id.

    **B.   Puma**

Puma asks the Court to reject the liquidator's motion. (Docket No. 114.)

Puma's response begins with a procedural argument. Puma argues that the liquidator should have moved to dismiss its counterclaims pursuant to Rule 12(c), not Rule 12(b)(6), of the Federal Rules of Civil Procedure, because Puma already filed its answer. (Docket No. 114 at pp. 5-6.)

Puma then introduces two red herrings. Puma's response to the liquidator's motion does not address article 40.210 or the liquidator's attendant argument. See id.

First, Puma emphasizes that the Puerto Rico insurance code does not, and the Puerto Rico courts cannot, deprive this Court of its federal subject matter jurisdiction. Id. at pp. 6-10, 12. Puma cites in support, among other things, a recent decision by this Court stating, "There is no existing statutory provision that expressly confers exclusive jurisdiction over the

state court overseeing the liquidation procedure to address all claims that involve Integrand. Specifically, the Puerto Rico Insurance Code does not provide for exclusive jurisdiction over matters involving the insurer." Id. at p. 12 (quoting Integrand Assurance Co. v. Everest Reinsurance Co., Civ. No. 19-1111, Docket No. 140 at pp. 24-25 (D.P.R. Dec. 4, 2019) (Domínguez, J.)).

Second, Puma rejects the notion that the Court should abstain from deciding the case. Id. at pp. 10-11. Puma describes as "controlling and dispositive" a case in which the First Circuit Court of Appeals declined to abstain from deciding a case involving the Puerto Rico insurance code. Id (citing Fragoso v. López, 991 F.2d 878, 885-86 (1st Cir. 1993)).

Puma's surreply recognizes the liquidator's argument pursuant to article 40.210, but not in a helpful manner. Puma contends that, in its reply to Puma's response, the liquidator "now specifies that the issue is not of a jurisdictional nature, but a matter of the substance and the existence of a claim." (Docket No. 121 at p. 3.) This is simply not true. As indicated, the liquidator's original motion raised the argument and relied extensively on MRCo, a case dealing with the substance and existence of a claim. See Docket No. 110 at pp. 5-6; see also MRCO, 521 F.3d 88. The only other contentions put forward by Puma pertaining to the liquidator's argument are that (i) recent

Civil No. 19-1195 (FAB)                                                8

district court decisions should "supersede" the older MRCo decision from the First Circuit Court of Appeals and (ii) the Puerto Rico insurance code does not provide for exclusive jurisdiction. (Docket No. 121 at pp. 3-4.) Puma also raises a smattering of waiver arguments, none of which turns out to be relevant. See id. at pp. 2, 5.

Finally, Puma "objects and opposes" the liquidator's request for voluntary dismissal of Integrand's complaint and, in fact, "demands that . . . [Integrand's] claim be adjudicated by this Honorable Court." (Docket No. 114 at p. 14-15.) Apparently, Puma now wants Integrand's complaint to remain pending. Compare id. at pp. 14-16 (arguing that the Court should refuse to dismiss Integrand's complaint), with Docket No. 64 at pp. 1-2 (arguing for dismissal of Integrand's complaint), and Docket No. 108 at p. 5 (same). Puma finds it "[i]ncredibl[e]" that the liquidator would request a dismissal without prejudice because, to Puma, this "would be nothing more than giving Integrand another bite at the apple sometime in the unknown future." Id. at p. 15. Puma also argues that the doctrine of judicial economy weighs toward continuing adjudication of Integrand's complaint. Id.

Puma also argues that dismissal of Integrand's complaint would not be appropriate pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Id. at p. 15-16. Puma notes that the

Civil No. 19-1195 (FAB)                                                9

rule states, "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Id. at p. 15 (quoting Fed. R. Civ. P. 41(a)(2)).  In light of that language, Puma believes that the liquidator's argument is "faulty" because, if the liquidator's request for voluntary dismissal of Integrand's complaint is granted, "then [Puma's] counterclaim cannot stand on its own, or be refiled, which is exactly what the Rule seeks to avoid."  Id. at p. 16.

**III. Discussion**

    **A.   Rule 12(b)(6) or Rule 12(c)**

A motion pursuant to Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  After the pleadings are closed, a party must move pursuant to Rule 12(c) instead of Rule (12)(b)(6).  See id. R. 12(c); Ríos-Campbell v. U.S. Dep't of Comm., 927 F.3d 21, 24 (1st Cir. 2019); Patrick v. Rivera-López, 708 F.3d 15, 18 (1st Cir. 2013).

Puma argues that the liquidator's motion to dismiss Puma's counterclaim is properly considered pursuant to Rule 12(c), not Rule 12(b)(6), of the Federal Rules of Civil Procedure.  Its argument is based on Puma's answer to Integrand's complaint.

Civil No. 19-1195 (FAB)                                             10

Puma is correct, but not for the reason it gives. Puma's answer to Integrand's complaint did not close the pleadings on Puma's counterclaims. The pleadings on Puma's counterclaims were closed by Integrand's answer. See Docket Nos. 20, 21. Because the pleadings on Puma's counterclaims are closed, the Court converts the liquidator's motion for dismissal of Puma's counterclaims to a motion for judgment on the pleadings.

For present purposes, this issue is largely academic. "A motion for judgment on the pleadings bears a strong family resemblance to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and these two types of motions are treated in much the same way." Kando v. R.I. State Bd. of Elections, 880 F.3d 53, 58 (1st Cir. 2018). The Court "take[s] the well-pleaded facts and the reasonable inferences therefrom in the light most favorable to the nonmovant." Id. "Judgment on the pleadings should be allowed only if the properly considered facts conclusively establish that the movant is entitled to the relief sought." Id.

There is another similarity between the review of motions pursuant to Rule 12(c) and Rule 12(b)(6). On review of a motion for judgment on the pleadings, "the court ordinarily may consider only facts contained in the pleadings and documents fairly incorporated therein, and those susceptible to judicial notice."

Civil No. 19-1195 (FAB)                                            11

Mercury Sys., Inc. v. Shareholder Representative Servs., LLC, 820 F.3d 46, 51 (1st Cir. 2016); see Kando, 880 F.3d at 58. This principle also applies in the Rule 12(b)(6) context. R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006).

The fact of issuance of the rehabilitation and liquidation orders is properly considered on review of the liquidator's motion for judgment on the pleadings. That fact is subject to judicial notice. See Lamar v. Micou, 114 U.S. 218, 223 (1885); Getty Petroleum Mktg., Inc. v. Capital Terminal Co., 391 F.3d 312, 322-26 (1st Cir. 2004) (López, J., concurring); White v. Gittens, 121 F.3d 803, 805 n.1 (1st Cir. 1997). And it is based on official decisions whose authenticity is not disputed by the parties. Curran v. Cousins, 509 F.3d 36, 44 & n.5 (1st Cir. 2007); Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

**B.   Dismissal of Puma's Counterclaims**

After the appointment of the liquidator, Puerto Rico law no longer provides Puma with its causes of action, all of which are based on Puerto Rico law. See Docket No. 12 at pp. 19-23. According to article 40.210(1) of the Puerto Rico insurance code,

> Upon issuance of an order appointing a liquidator of a domestic insurer or of an alien insurer domiciled in Puerto Rico, no action at law shall be brought against the insurer or the liquidator, whether in Puerto Rico or elsewhere, nor shall an action of that nature be maintained or entered after issuance of such order.

P.R. Laws Ann. tit. 26, § 4021(1).

In MRCo, the court held that article 40.210(1) barred a claim against the insurance commissioner once she was appointed as liquidator of an insurance plan. 521 F.3d at 93–97. The MRCo court noted that a federal court sitting in diversity "must apply applicable substantive state laws to the case before it" and, therefore, "cannot give that which the state has withheld." Id. at 96 (alteration and internal quotation marks omitted). The MRCo court stated that dismissal of the claim against the insurance commissioner was appropriate because "Article 40.210 precludes any judicial action from being brought against the Plan or Commissioner, once the Commissioner had been appointed as liquidator." Id. The MRCo court further explained that "[t]o hold that the district court may entertain MRCo's claims would, in effect, create a cause of action for MRCo that is denied to citizens of Puerto Rico who are unable to invoke the jurisdiction of the federal courts through diversity." Id.

The MRCo court also rejected as inapposite the same argument put forward here by Puma—that Puerto Rico law cannot wrest

a federal court of jurisdiction.  See id. at 95-96.  As in MRCo, the argument "misses the mark" here because the Court's subject matter jurisdiction is not affected by Puerto Rico law and "[w]hether there remains a viable cause of action is another matter."  Id.

Similarly, Puma's abstention arguments are irrelevant.  No one is asking for, and the Court is not considering, abstention.

Additionally, contrary to Puma's repeated assertions, Judge Domínguez's recent opinion in Integrand Assurance v. Everest Reinsurance is not on point as to whether Puma's counterclaims should be dismissed.  In Judge Domínguez's case, the claim was brought by the insurer, see Integrand Assurance v. Everest Reinsurance, Civ. No. 19-1111, Docket No. 140 at pp. 1-2; here, Puma brings counterclaims against the insurer.  The difference is germane, because article 40.210 states that no judicial action shall be maintained against the insurer or the liquidator after a liquidator is appointed.  See P.R. Laws Ann. tit. 26, § 4021(1); MRCo, 521 F.3d at 96.  Indeed, Judge Domínguez specifically distinguished MRCo on that basis.  See Integrand Assurance Co. v. Everest Reinsurance Co., Civ. No. 19-1111, 2020 WL 2109202, at *8 n.10 (D.P.R. May 1, 2020) (Domínguez, J.).

The Court **GRANTS,** on the authority of article 40.210 and MRCo, Integrand's motion for judgment on the pleadings of Puma's

Civil No. 19-1195 (FAB)                                          14

counterclaims. The Court adds that dispensing with Puma's counterclaims pursuant to article 40.210(1) comports with the general purposes of the Puerto Rico insurance code. Among other purposes, the liquidation provisions of the insurance code are designed "to protect the interests of the insured, claimants, creditors and general public . . . through . . . clarification of the law so as to minimize legal uncertainty and litigation and thus achieve enhanced efficiency and economy of liquidation." P.R. Laws Ann. tit. 26, § 4001(4)(c).

    **C.  Voluntary Dismissal of Integrand's Complaint**

Rule 41(a)(2) provides that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). Rule 41(a)(1) concerns a plaintiff's request for dismissal "before the opposing party serves either an answer or a motion for summary judgment" or by stipulation of appearing parties. Id. R. 41(a)(1).

The Court finds that dismissal of Integrand's complaint is proper. There is no longer any need for Integrand to seek a declaratory judgment voiding Puma's insurance policy because,

Civil No. 19-1195 (FAB)                                                15

pursuant to article 40.160 of the Puerto Rico insurance code, the policy was terminated thirty days from the date that the liquidation order was entered. P.R. Laws Ann. tit. 26, § 4016(1)-(2). Providing for continued prosecution of the balance of Integrand's complaint would not advance judicial economy. The liquidator's stated goal in seeking dismissal of the balance of the Integrand's complaint—"to evaluate all of Integrand's fraud allegations, in this and several other cases, to determine if the prosecution of such actions is beneficial to Integrand's estate, creditors, and policy holders," (Docket No. 110 at p. 8)—is a proper reason for dismissal.

Additionally, Puma's contention concerning the effect on its counterclaims of dismissing Integrand's complaint is meritless. Puma's counterclaims are dismissed as stated above, and dismissal of Integrand's complaint has no bearing on that analysis. Puma's contention is also contrary to the position Puma previously took, where it asked the Court to dismiss Integrand's complaint and stated that "[w]ith the dismissal of Integrand's Complaint, we can then focus on Puma's counterclaim and third-party complaint, as these have independent basis for Jurisdiction." (Docket No. 64 at p. 2.)

The Court **DISMISSES WITHOUT PREJUDICE** Integrand's complaint. (Docket No. 1, Ex. 1.)